IN THE SUPREME COURT
OF THE VIRGIN ISLANDS
**FILED**
June 04, 2026 02:28 PM
SCT-Crim-2024-0098
**DALILA E. PATTON, ESQUIRE**
**CLERK OF THE COURT**

FOR PUBLICATION

## IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | | |
|---|---|---|
| **JIMMY DAVIS,** | ) | **S. Ct. Crim. No. 2024-0098** |
| Appellant/Defendant, | ) | Re: Super. Ct. Crim. No. 98/2020 (STX) |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| **PEOPLE OF THE VIRGIN ISLANDS,** | ) | |
| Appellee/Plaintiff. | ) | |
| | ) | |
| _____ | ) | |

On Appeal from the Superior Court of the Virgin Islands
Division of St. Croix
Superior Court Judge: Hon. Douglas Brady

Considered: November 10, 2025
Filed: June 4, 2026

Cite as: 2026 V.I. 11

**BEFORE:** **RHYS S. HODGE**, Chief Justice; **IVE ARLINGTON SWAN**, Associate Justice; and **JESSICA GALLIVAN**, Designated Justice.

**APPEARANCES:**

**Stephen Henry Franko IV, Esq.**
Appellate Territorial Public Defender
St. Thomas, U.S.V.I.
  _Attorney for Appellant,_

**Daniel Morris, Esq. (Argued)**
**Lauren Boudreaux, Esq. (on Brief)**
Assistant Attorney General
St. Thomas, U.S.V.I.
  _Attorney for Appellee._

*Davis v. People of the Virgin Islands*　　　　　2026 V.I. 11
S. Ct. Crim. No. 2024-0098
Opinion of the Court
Page 2 of 15

## OPINION OF THE COURT

**SWAN, Associate Justice.**

¶1　Appellant Jimmy Davis appeals from the Superior Court's September 10, 2024 judgment and sentence finding Davis guilty of burglary in the third degree, in violation of Virgin Islands Code title 14, section 444(1), and sentencing Davis to time served. (JA 30). For the reasons explicated below, we affirm.

## I. BACKGROUND

¶2　On May 11, 2020, the People of the Virgin Islands initiated criminal proceedings against Davis in the case underlying this appeal by filing an Information charging Davis with the following offenses: (1) one count of rape in the first degree, in violation of 14 V.I.C. § 1701(a)(2); (2) one count of rape in the first degree, in violation of 14 V.I.C. § 1701(a)(3); (3) one count of unlawful sexual contact in the first degree, in violation of 14 V.I.C. §1708(a)(1); (4) one count of burglary in the first degree, in violation of 14 V.I.C. §442(4); (5) one count of assault in the first degree, in violation of 14 V.I.C. §295(3); and (6) one count of home invasion, in violation of 14 V.I.C. §475(a)(2). (JA 35-36). On September 9, 2024, the trial court held a hearing to consider a plea agreement consummated between the parties whereby Davis agreed to enter an *Alford* plea, under which terms, pursuant to *North Carolina v. Alford,* 400 U.S. 25 (1970), he would plead guilty to the lesser included offense of Count Four of the Information, burglary in the third degree, in violation of 14 V.I.C. §444(1), in exchange for the People moving to dismiss all other counts. (JA 53-54). Consistent with *Alford*, the plea agreement stated that Davis "admits no wrongdoing" but was agreeing to the plea deal "because there is a substantial likelihood that he would be found guilty if this matter went to trial." (JA 53).

*Davis v. People of the Virgin Islands*          2026 V.I. 11
S. Ct. Crim. No. 2024-0098
Opinion of the Court
Page 3 of 15

¶3     At the September 9, 2024 hearing, the trial court made substantial efforts to ensure that there was a factual basis for Davis's guilty plea, as required under Virgin Islands Rule of Criminal Procedure 11. (JA 61-70). Specifically, the court observed that the count to which Davis was pleading guilty, Burglary in the Third Degree, "requires that the breaking and entering include the intent to commit an offense therein." (JA 63). The court repeatedly expressed concern that the plea agreement and the allocution by the People were not sufficient to provide an adequate factual basis for Davis's plea. (JA 62-67). Both the People and defense counsel urged the court to accept the plea agreement and argued that Davis's act of breaking and entering the victim's residence was sufficient to infer that he intended to commit a crime therein. When the court continued to object to a perceived lack of a factual basis, the parties took a brief recess and, upon resuming the hearing, defense counsel stipulated to the intent factor.[1] (JA 62-65). Despite the court's continued

---

[1] THE COURT: How do I find the factual basis when you're telling me that in his mind that he intended to do something. I guess -- what's the Defendant's position on that, [Defense Counsel]? In other words, the lesser included offense, Burglary III, requires that the breaking and enterring [sic] include the intent to commit an offense therein, 441 of Title 14.

THE PEOPLE: And, Your Honor, if I may. To that, I would suggest that there was no reason for Mr. Davis to be at that home at all. So he was not invited, he did not know anyone in the home and yet he pushed his way in.

THE COURT: That's the breaking and enterring; [sic] what about the intent to commit a crime therein?

THE PEOPLE: Your Honor, I would defer to Defense [Counsel].

DEFENSE [COUNSEL]: Your Honor, I think the intent to commit a crime therein, I believe that's the language the Court is looking at. We submit, Your Honor, that that can be construed by this Court because the People alleged that he compelled or forced his way into the home. Clearly it was not intended to be -- to do nothing there, it was intent to commit a crime. We believe that the specific underlining [sic] offense is not necessary for this plea to go forward in Burglary in the Third Degree, however clearly, the People have charged him with underlining [sic] offense and the People have decided to not go forward with the underlining [sic] offense, so the Court can construe the underlining [sic] offense is what was actually charged in the information.

THE COURT: Okay. But I mean, am I supposed to infer that that was Mr. Davis's intention when he broke and enterred [sic] the residence? And that he's not pleading guilty to that, he's not going to be -- those charges will be dismissed, but the agreed plea to Burglary III requires that he has an intention to commit an offense once he's inside.

. . . .

*Davis v. People of the Virgin Islands*    2026 V.I. 11
S. Ct. Crim. No. 2024-0098
Opinion of the Court
Page 4 of 15

---

DEFENSE [COUNSEL]: Well, Your Honor, the information tells us what the offense was, but I just to -- he has entered [sic] an Alford plea where the Supreme Court -- he doesn't have to -- he not doesn't have to by acknowledging that he could be found guilty beyond reasonable doubt of this offense that he's been charged with.

THE COURT: I just want to make sure that I understand. Are you saying that because it's an *Alford* plea, that I don't need a factual basis or I can speculate that when he broke in he intended to commit an offense?

DEFENSE [COUNSEL]: No, I'm saying [the] Defense cannot -- is not required to do that, but I think the People have and can further provide factual credit as to the Defendant which is in a normal situation.

THE PEOPLE: Your Honor, may we have a brief moment?

THE COURT: Yes.

(Thereupon, there was a brief recess from 9:30 a.m. to 9:35 a.m. The Hearing resumed as follows:)

DEFENSE [COUNSEL]: Your Honor, we stipulate to the intent factor.

THE COURT: Is that good enough for me to accept? The intent being what? Are you saying it doesn't matter?

DEFENSE [COUNSEL]: The intent to commit a crime.

THE COURT: And I don't need to figure out what the crime is?

DEFENSE [COUNSEL]: I don't know.

THE PEOPLE: Your Honor, I believe that because -- as a hyperthetical, [sic] say that no crime has actually occured [sic] in the residence, if someone breaks into a residence that's not their own, and has no legal reason for doing so and no possible legal intention for anything he might do inside, then I think that the element of intent can be shown.

THE COURT: I mean, I think that if I had more than 20 minutes to try to look at this in advance I perhaps would feel more comfortable about it. But I'm just reading the statutory language: "With intent to commit an offense therein". So I'm not clear that the Parties stipulate that Mr. Davis did intend to commit an offense when he went in. And I guess both sides are saying: That's good enough. You don't have to require anything further. I think [Defense] is actually saying: Well, look at what the People has charged. The People are saying: This must have been Mr. Davis's intent to commit those particular offenses that are going to be dismissed; and Mr. Davis admits that he did intend to commit an offense inside. That's the stipulation of the Parties?

DEFENSE [COUNSEL]: That's true, Your Honor.

THE COURT: And I do not need to inquire further about what offense; it doesn't matter, right? Whether it was punching somebody in the nose or stealing grandmother's silverware; that doesn't matter? I mean, there is, again, the factual basis -- that's what I'm talking about, what's the factual basis?

THE PEOPLE: And, Your Honor, I don't know that Mr. Davis intended on that particular offense when he pushed in the house. I think he was just up to no good and looking for an opportunity to maybe punch somebody in the face, maybe commit a crime, or maybe rob some jewelry, or maybe do what he did.

THE COURT: All right. Both sides have gone to great efforts to come to this resolution. Explain to me -- I'm sorry for not getting it, but I need to find a factual basis. And I guess, you're asking me to simply infer that Mr. Davis had an intent to commit an offense even if he didn't know when he walked in what offense it was going to be; is that it? Is that good enough?

*Davis v. People of the Virgin Islands*   2026 V.I. 11
S. Ct. Crim. No. 2024-0098
Opinion of the Court
Page 5 of 15

skepticism that such a stipulation represented sufficient factual basis to accept the *Alford* plea, the court ultimately acquiesced to the repeated urgings of both parties and adopted the plea agreement. (JA 65-68). The court then swore in Davis and conducted a thorough colloquy, questioning Davis about his education, his mental and physical state, and his understanding of the charges. The court also informed him of his constitutional rights and the consequences of his plea agreement before finding that Davis's plea was knowing and voluntary.

¶4      Before entering judgment, the court briefly addressed its concern with various perceived deficiencies in the People's case against Davis, namely, a lack of physical and testimonial evidence, while concluding: "If I required the Parties to go to trial, I don't know if the People would be in a position to satisfy the burden of proof in any event."[2] (JA 77-79). Nevertheless, the court

---

. . . .

DEFENSE [COUNSEL]: Your Honor, the Court is correct. We have spent hours of negotiating this matter back and forth. I believe the Court asked us to do that and we just ask the Court to find that -- adopt the plea agreement as drafted and handed out by the Parties and that we can go forward and resolve this matter.

THE COURT: Okay. (JA 62-68).

[2] The court expressed concern regarding both the People's lack of physical evidence ("[O]n April 15, 2020, Judge Camacho signed an order requiring Mr. Davis to submit to a buccal swab for the purpose of DNA analysis. That was never accomplished. ... So that left the People's proof with the victim herself, the alleged victim herself.") and testimonial evidence. (JA 77-78). The court's final thoughts on the state of the People's evidence reflected serious doubts about whether an adequate factual basis, as required for an *Alford* plea, had been met in this matter, yet the court appears to have accepted the plea out of deference to the repeatedly expressed wishes of both parties:

> [J]ust as Mr. Davis in enterring [sic] his Alford plea states that he believes the People's evidence is sufficiently strong to allow the People to obtain a conviction as to that particular offense; on the other side of the coin, I recognize that the People's -- evident strength of the People's case as to the charges originally brought was seriously jeopardized by the factors that I've mentioned, and it's on that basis that I cannot find in the cirucumstances [sic] where the plea is inappropriate and it should be rejected by me. If I required the Parties to go to trial, I don't know if the People would be in a position to satisfy the burden of proof in any event. So I recognize that a plea agreement is a compromise where both sides seek to find a resolution that in the circumstances both serves the interest of both sides and does no jeopardy to the cause of justice. And given, as I said, the state of play in this case, I do not believe the resolution is inappropriate, and on that basis I will accept the plea agreement.

(JA 78-79)

*Davis v. People of the Virgin Islands*
S. Ct. Crim. No. 2024-0098
Opinion of the Court
Page **6** of **15**

2026 V.I. 11

deemed resolution of the case by an *Alford* plea appropriate, accepted the proffered plea agreement, and sentenced Davis to time served, with court costs of seventy-five dollars. (JA 79, 82-83). A written judgment memorializing the plea agreement was entered by the court the following day, and Davis timely filed a notice of appeal to this Court on October 9, 2024. (JA 29-33).

## II. ISSUES

¶5     The issues Davis presents on appeal are (1) whether the trial court violated Rule 11 of the Virgin Islands Rules of Criminal Procedure by accepting Davis's *Alford* plea without a proper factual basis and without ensuring that the plea was entered knowingly, voluntarily, and intelligently; and (2) whether the trial court erred by requiring defense counsel to stipulate to Davis's intent and conditioning the acceptance of the plea on the stipulation of scienter, thus invalidating the *Alford* plea by infringing upon Davis's right to maintain a protestation of innocence.

## III. JURISDICTION AND STANDARD OF REVIEW

¶6     "The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees [and] final orders of the Superior Court . . . ." V.I. CODE ANN. tit. 4 § 32(a). Consequently, because the trial court's September 10, 2024 judgment constituted a final judgment, this Court has jurisdiction over Davis's appeal. Generally, the "trial court's application of law is subject to plenary review, while findings of fact are reviewed for clear error." *Brathwaite v. People*, 67 V.I. 609, 613 (V.I. 2017).

## IV: DISCUSSION

   a. **The Trial Court Properly Exercised its Discretion in Accepting Davis's *Alford* Plea.**

*Davis v. People of the Virgin Islands*          2026 V.I. 11
S. Ct. Crim. No. 2024-0098
Opinion of the Court
Page 7 of 15

¶7    An *Alford* plea is a legal oxymoron, joining a plea of guilty with a protestation of innocence. See *United States v. Mancinas-Flores*, 588 F.3d 677, 681 (9th Cir. 2009) ("An *Alford* plea is simply shorthand for a guilty plea accompanied by a protestation of innocence.") The eponymous figure at the center of *North Carolina v. Alford* pled guilty to a charge of second-degree murder to avoid potentially being convicted of first-degree murder and facing the death penalty. Alford later challenged the voluntariness of his plea, arguing that the threat of a death sentence had interfered with his ability to make a free and rational decision. The case was appealed to the U.S. Supreme Court, which upheld Alford's guilty plea, elucidating that "the Constitution does not bar imposition of a prison sentence upon an accused who is unwilling expressly to admit his guilt but who, faced with grim alternatives, is willing to waive his trial and accept the sentence." *North Carolina v. Alford*, 400 U.S. 25, 36 (1970). The Court correlated Alford's plea with a plea of *nolo contendere*, stating that it did not see "any material difference between a plea that refuses to admit commission of the criminal act and a plea containing a protestation of innocence when, as in the instant case, a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." *Id*. at 37. The Court held that the trial court had not erred in accepting Alford's guilty plea given "the strong factual basis for the plea demonstrated by the State and Alford's clearly expressed desire to enter it." *Id*. at 38.

¶8    The acceptance of *Alford* pleas, like that of other guilty pleas, is governed in the Virgin Islands by Rule 11 of the Virgin Islands Rules of Criminal Procedure, which is a near replica of Rule 11 of the Federal Rules of Criminal Procedure. Rule 11(b) delineates the procedures a trial court must follow in considering and accepting a guilty or nolo contendere plea:

**(1) Advising and Questioning the Defendant.**

*Davis v. People of the Virgin Islands*          2026 V.I. 11
S. Ct. Crim. No. 2024-0098
Opinion of the Court
Page **8** of **15**

Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:

**(A)** the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;

**(B)** the right to plead not guilty, or having already so pleaded, to persist in that plea;

**(C)** the right to a jury trial;

**(D)** the right to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceeding;

**(E)** the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

**(F)** the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;

**(G)** the nature of each charge to which the defendant is pleading;

**(H)** any maximum possible penalty, including imprisonment, fine, and term of supervised release;

**(I)** any mandatory minimum penalty;

**(J)** any applicable forfeiture;

**(K)** the court's authority to order restitution;

**(L)-(M)** [Reserved].

**(N)** the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence; and

**(O)** that if the defendant is not a citizen of the United States, conviction of the offense for which the defendant has been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

**(2) Ensuring That a Plea Is Voluntary.**

Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement). As part of this inquiry, the court may inquire of the defendant whether there has been an adequate opportunity to consult with counsel, and whether the defendant is satisfied with the services of that counsel.

*Davis v. People of the Virgin Islands*    2026 V.I. 11
S. Ct. Crim. No. 2024-0098
Opinion of the Court
Page 9 of 15

**(3) Determining the Factual Basis for a Plea.**
Before entering the judgment on a guilty plea, the court must determine that there
is a factual basis for the plea.

This rule, effected by promulgation order issued by this Court on December 19, 2017,

replaced the prior rule governing pleas in Virgin Islands courts, Virgin Islands Superior Court Rule

126. Rule 11 contains extensive changes to and expansions of the procedures governing pleading,

which under Superior Court Rule 126 were few and brief. Rule 126, in its totality, read:

> A defendant may plead guilty, not guilty or *nolo contendere* to any complaint or
> information. If a defendant refuses to plead or if the judge refuses to accept a plea
> of guilty, the judge shall enter a plea of not guilty. In no case shall the court accept
> a plea of guilty without first determining if the defendant understands the nature of
> the charge against him, and that the plea is voluntarily made. The defendant shall
> be entitled to change a plea of not guilty to guilty at any time before the findings.
> He shall be permitted to change a plea of guilty or *nolo contendere* to one of not
> guilty only by permission of the court. Where a plea of guilty is entered, the court
> may hear the witnesses in support of the complaint prior to judgment and sentence,
> and after such hearing, may, in its discretion, refuse to accept the plea.

¶9      Notably, Superior Court Rule 126 neither prohibited judicial participation in plea

agreements nor required that the trial court determine whether there was an adequate factual basis

for a plea. Prior to the promulgation of the Virgin Islands Rules of Criminal Procedure, this Court

repeatedly acknowledged that the absence of these two regulations made Virgin Islands law

governing pleadings different from federal law. *See, e.g., Corraspe v. People,* 53 V.I. 470, 482-

83 (V.I. 2010) (holding that Federal Rule of Criminal Procedure 11(c), which bars judicial

participation in plea deals, did not apply in this jurisdiction's territorial courts because Superior

Court Rule 126, which lacked any such proscription, governed plea deals in Virgin Islands courts);

*Tindell v. People,* 56 V.I. 138, 151 (V.I. 2012) (holding that trial courts in the Virgin Islands did

not need to determine whether there was an adequate factual basis for a plea because, while such

*Davis v. People of the Virgin Islands*     2026 V.I. 11
S. Ct. Crim. No. 2024-0098
Opinion of the Court
Page **10** of **15**

a determination was required under Federal Rule of Criminal Procedure 11, it was not required under Superior Court Rule 126, which governed the acceptance of pleas in the territory's courts). During the time Superior Court Rule 126 was in effect, this Court observed that its exclusion of such provisions, rendering it substantially different from Federal Rule of Criminal Procedure 11, was intentional on the part of its drafters. *See Corraspe,* 53 V.I. at 481 ("The history of the Superior Court Rules indicates that the drafters intended for Rule 126 to govern pleas in the Superior Court, to the exclusion of Rule 11.").

¶10 We previously held that the differences between Superior Court Rule 126 and Federal Rule of Criminal Procedure 11 were intentional; therefore, we likewise hold that the replacement of Superior Rule 126 with Rule 11 of the Virgin Islands Rules of Criminal Procedure, which is substantially identical to the aforementioned Federal rule, accomplished deliberate changes in Virgin Islands law. The drafters of the Virgin Islands' version of Rule 11 chose to expand the regulations upon the acceptance of pleas and plea agreements to more closely coincide with the federal rule. Specifically, the drafters chose to disallow trial courts to participate in plea agreements and also elected to require that trial courts determine whether there is a factual basis for a guilty plea before accepting such a plea. Therefore, we review the facts of this case mindful of such statutory history, recognizing the importance of such provisions to the drafters of the Virgin Islands' version of the rule.

¶11 The pivotal fact in this case is that Davis made an *Alford* plea, rather than a guilty plea. An *Alford* plea, the equivalent of a nolo contendere plea, is covered under Rule 11(b)(1) of the Virgin Islands Rules of Criminal Procedure, which provides that "[b]efore the court accepts a plea of guilty or nolo contendere," it must place the defendant under oath and ensure he understands the items enumerated in Rule 11(b)(1)(A)-(O). Rule 11(b)(2) similarly provides that "[b]efore

*Davis v. People of the Virgin Islands*    2026 V.I. 11
S. Ct. Crim. No. 2024-0098
Opinion of the Court
Page 11 of 15

accepting a plea of guilty or nolo contendere," the court must "determine that the plea is voluntary." However, Rule 11(b)(3), which pertains to factual basis, covers only guilty pleas, *not* nolo contendere pleas: "Before entering the judgment on a guilty plea, the court must determine that there is a factual basis for the plea." The U.S. Supreme Court highlighted this distinction within Federal Rule 11 in its *Alford* opinion:

> [T]he plea of nolo contendere has been viewed not as an express admission of guilt but as a consent by the defendant that he may be punished as if he were guilty and a prayer for leniency. Fed. Rule Crim. Proc. 11 preserves this distinction in its requirement that a court cannot accept a guilty plea 'unless it is satisfied that there is a factual basis for the plea'; there is no similar requirement for pleas of nolo contendere, since it was thought desirable to permit defendants to plead nolo without making any inquiry into their actual guilt. See Notes of Advisory Committee to Rule 11.

> *Alford*, 400 U.S. at 36 n.8

There is therefore no requirement under Federal Rule of Criminal Procedure 11, and consequently under Virgin Islands Rule of Criminal Procedure 11, for a court to establish a factual basis for an *Alford* plea. It is notable in this case that the trial court did, in fact, make many attempts to determine a factual basis for Davis's plea, yet it was not necessary under Rule 11(b)(3). Davis's argument that the trial court abused its discretion by accepting his *Alford* plea without properly establishing a factual basis under Rule 11 is therefore inapplicable, and we uphold that the trial court's acceptance of the plea as valid.

**b. The Court did not Infringe upon Davis's Right to Maintain a Protestation of Innocence by Questioning Defense Counsel Regarding the Intent Factor of Burglary in the Third Degree.**

¶12    Davis claims that the trial court's insistence upon questioning defense counsel about Davis's intent to commit a crime in the residence infringed upon Davis's ability to make a voluntary, knowing, and intelligent plea, as required under Rule 11 of the Virgin Islands Rules of

*Davis v. People of the Virgin Islands*   2026 V.I. 11
S. Ct. Crim. No. 2024-0098
Opinion of the Court
Page 12 of 15

Criminal Procedure. Yet Davis's argument misapprehends how Rule 11 protects the voluntary and intelligent nature of a defendant's guilty plea.

¶13   Rule 11 ensures that a defendant's guilty plea is made voluntarily, knowingly, and intelligently through the trial court's advising and questioning the defendant in open court. In order to ensure that the plea is knowing and intelligent, the defendant may be placed under oath and the trial court "must inform the defendant of, and determine that the defendant understands," the defendant's various rights and the consequences of the plea, as delineated within the rule. V.I. R. CRIM. P. 11(b)(1). Here, the trial court had Davis sworn and proceeded to inform him of each relevant provision in open court.[3] Davis expressed his acknowledgment and understanding of each

---

[3] The Court: The offense to which you intend to plead guilty to is a felony offense. If your plea is accepted, you'll be adjudged guilty of that offense. It has a maximum penalty of a term of incarceration for five years. There is a prospect or sentencing could include a probationary period or a probationary term involved, terms and conditions would accompany a probationary term. A $500 supervision fee would apply. You could be charged with Court cost, in any event it would be $75, other conditions might accompany a sentence of probation, restitution. If anybody suffered monetary lost because of your actions, community service is an option. You might be required to make yourself available to be evaluated whether it be some sort of treatment or counselling if necessary, in connection with the probationary term. The plea agreement does not contemplate that and nonetheless that is one of the potential consequences of changing your plea. Do you understand the potential consequences of changing your plea, Mr. Davis?

Davis: Yes.

THE COURT: You're not required to plead guilty. As I said, you have already pled not guilty to this offense, that is the Burglary I offense that's charged as the primary offense charge in Count four as well as all the other charges against you. The only way the People could obtain a judgment or Burglary I or Burglary III or any of the other offenses charged is if they took the matter to trial. With these charges against you, you have the right to a trial by a 12-person jury, the People would try to convince a jury that the People's proof was sufficient beyond a reasonable doubt as to each element of each crime charged or no conviction could be entered against you as to that particular count. The People would present evidence to the jury to include witness testimony. You have the right to cross examine all the People's witnesses. You have the right to present your own evidence and to present your own witnesses. If you had persons that you wanted to have testify at trial who were reluctant to voluntarily appear, you could ask the Court's assistance, and those persons could be summoned and required to appear to give testimony. You have the right to testify at trial but you're not required to do so. And if you made the determination not to testify at trial, the jury would be instructed that they couldn't use that decision as a factor in determining whether you are guilty or not guilty. Do you understand the rights I've just explained associated with a jury trial?

Davis: Yes, Your Honor.

*Davis v. People of the Virgin Islands*          2026 V.I. 11
S. Ct. Crim. No. 2024-0098
Opinion of the Court
Page 13 of 15

of the court's statements made during the proceedings. This Court perceives no evidence on the record that the trial court failed to properly follow Rule11(b)(1) in establishing that Davis's plea was knowing and intelligent.

The voluntariness of a plea is ensured by Rule 11(b)(2), providing that:

> Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement). As part of this inquiry, the court may inquire of the defendant whether there has been an adequate opportunity to consult with counsel, and whether the defendant is satisfied with the services of that counsel.

The trial court record reflects that the court's inquiries into the voluntariness of Davis's plea in open court were thorough and substantive.[4] There is no evidence on the record that Davis's

---

[4] The Court: If I accept your plea today there will be no trial and the matter will be determined on the basis of the plea agreement; do you understand that?

Davis: Yes.

The Court: Is it your desire to give up your right to a jury trial and enter this plea?

Davis: Yes, Your Honor.

The Court: Mr. Davis, had you had a chance to review the charges against you in this case?

Davis: Yes.

The Court: And have you had the chance most specifically in the last many months with Attorney Phillips to discuss the case and the charges with Attorney Phillips?

Davis: Yes, Your Honor.

The Court: Are you satisfied with the representation you received from your Attorney?

Davis: Yes, Your Honor.

The Court: You heard Attorney Phillips and also all the discussions afterwards regarding the substance of the plea agreement. Are those the terms that you agreed to?

Davis: Burglary Third.

*Davis v. People of the Virgin Islands*    2026 V.I. 11
S. Ct. Crim. No. 2024-0098
Opinion of the Court
Page 14 of 15

answers to the court's questions, pleading guilty to burglary in the third degree and stating his satisfaction with his counsel, were in any manner involuntary or uninformed. Accordingly, this Court concludes that Davis's claims that the Court infringed upon his right to maintain his protestation of innocence or invalidated the knowing, voluntary, and intelligent nature of his plea to be meritless.

## V. CONCLUSION

¶14    Upon review of the record, this Court holds that the trial court neither abused its discretion in accepting Davis's *Alford* plea pursuant to Rule 11 of the Virgin Islands Rules of Criminal Procedure nor invalidated the knowing, voluntary, and intelligent nature of his plea by conducting

---

The Court: Sorry?

Davis: Burglary Third, yes, Your Honor.

The Court: Has anybody made any different promise to get you to plead guilty?

Davis: No.

. . . .

The Court: As to that lesser included offense of Count 4, Mr. Daivs, how do you plead, guilty or not guilty?

Davis: Guilty, Your Honor.

The Court: Did anyone threaten you or force you in any way to plead guilty?

Davis: No, Your Honor.

The Court: Are you willing to plead guilty because of the discussions you and your lawyer had with the People that resulted in this plea agreement?

Davis: Excuse me. Yes, Your Honor.

The Court: Are you pleading guilty because you, yourself personally choose to do so?

Davis: Yes, Your Honor.

The Court: All right, I find that Mr. Davis's plea is knowing and voluntary.

*Davis v. People of the Virgin Islands*     2026 V.I. 11
S. Ct. Crim. No. 2024-0098
Opinion of the Court
Page **15** of **15**

a thorough colloquy on the record.  Accordingly, we affirm the trial court's September 10, 2024

judgment and sentence entered upon accepting Davis's *Alford* plea.

BY THE COURT:

**Ive Arlington Swan**
**Associate Justice**

ATTEST:

**DALILA E. PATTON, ESQ.**
**Clerk of the Court**

By: /s/ Jahkyda Coakley
    **Deputy Clerk II**

Dated: June 4, 2026